CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 21 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ROY STEVE DAVIS, | ) | |
| Petitioner, | ) | Civil Action No. 7:07cv00581 |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| TERRY O'BRIEN, | ) | By: Hon. Glen E. Conrad |
| Respondent. | ) | United States District Judge |

Petitioner Roy Steve Davis, Federal Register No. 16159-083, a federal inmate in custody at United States Penitentiary Lee County, in Jonesville, Virginia, filed this pro se action as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] Petitioner challenges prison disciplinary sanctions he received for "insolence" in violation of Bureau of Prisons ("BOP") Code 312. Petitioner requests relief in the form of expungement of his disciplinary record and the return of 27 days of good conduct time ("GCT").

Upon review of the petition, the court finds that it is without merit and must be dismissed with prejudice.

I. FACTUAL AND PROCEDURAL SUMMARY[2]

Petitioner states that, on December 14, 2006, while he was an inmate at United States Penitentiary Hazelton, in Bruceton Mills, West Virginia, he was the subject of an incident report charging him with the following: "codes 212 (engaging in, or encouraging group demonstration), 299

---

[1] Upon a review of the United States Courts' electronic docketing system, the court notes that, as of this date, petitioner has applied for habeas relief twenty times. In all, petitioner has filed, as of this date, at least thirty-two actions in federal courts since 1992; at least fourteen of those actions have been styled as habeas petitions pursuant to § 2241.

[2] The facts have been adduced from Davis's petition.

(conduct which disrupt or etc. [sic]) and 312 (insolence) toward [a] staff member. . . ."[3] Petitioner's allegations challenging the outcome of the subsequent disciplinary hearing on due process grounds are summarized in the BOP's National Inmate Appeals Administrator's September 18, 2007, denial of his appeal, which stated, in pertinent part:

> You appeal the February 26, 2007, decision of the Discipline Hearing Officer (DHO) regarding incident report #1544920, in which you were found to have committed the prohibited act of Insolence Towards a Staff Member (code 312). You request expungement of the incident report.
>
> Our review of your disciplinary proceedings indicates substantial compliance with Program Statement 5270.07, Inmate Discipline and Special Housing Units. The DHO's decision was based upon the greater weight of the evidence as detailed in Section V of the DHO report. We find it reasonable for the DHO to have made this determination. Records indicate you appeared before the DHO, were advised of your rights, and made a statement. The DHO gave greater weight of the evidence to the reporting officer's account of the incident. Although you dispute the charge, the evidence is sufficient to support the finding.
>
> You contend the initial hearing was not conducted in a timely manner. Program Statement 5270.07 provides "each inmate so charged is entitled to an initial hearing before the UDC, ordinarily held within three work days from the time staff became aware of the inmate's involvement in the incident. This three work day period excludes the day staff became aware of the inmate's involvement in the incident, weekends, and holidays." Although your initial hearing was not held within three work days, the reason for the delay is acceptable and documented in the record. There is no evidence the delay had an adverse impact on your ability to be aware of and defend yourself against the charges. The requirement that the initial hearing be conducted within three work days does not impact a Due Process element of the inmate discipline process. There is no requirement that the delay must cause the incident report to be expunged.
>
> You contend the incident report contains errors and offense codes which are incorrect

---

[3] Petitioner has not provided a copy of the incident report. In his petition, he provides the following statement of facts, which the court quotes verbatim:

> Staff member J. A. Hammond instructed Davis to walk through the metal detector, complying to his request. Hammond asked for my ID which he picked up off the floor. Hammond claims other inmates stop walking through the corridor while watching us. Incident report DHO entire report was not returned from Office of General Counsel in Washington, D.C.

2

and misleading. You also contend you were denied review of the video, a polygraph test, and a questionnaire signed by the reporting officer. Review of the record reveals the incident report contains the reporting officer's recollection of the incident and offense codes felt to be applicable. During subsequent processing of the incident report, these facts and offense codes are considered by the DHO along with your statement and other evidence[,] and [the DHO] reaches conclusions as to the incident and offense codes warranted. There is no entitlement to a polygraph test or to question the reporting officer (under oath or otherwise). No video was considered by the DHO.

Based on our review of the disciplinary record, we find the required disciplinary procedures were substantially followed. Each of your Due Process rights were upheld during the discipline process. The greater weight of the evidence supports the DHO's decision, and the sanctions imposed were commensurate to the severity level of the offense and in compliance with policy.

The court will discuss additional facts as necessary in its analysis.

## II. ANALYSIS

Petitioner contends that his due process rights were violated in the following ways: the Unit Disciplinary Committee ("UDC") conducted its investigation 5 work days after the incident on December 14, 2006, rather than 3 work days after the incident; the "[i]ncident report . . . contain [sic] mistake [sic] or error [sic] that were faulty and inaccurate"; the "[o]ffense codes cited in the incident report were misleading and incorrect"; petitioner was not allowed to review a video of the incident[4]; petitioner was denied a polygraph test; and petitioner was not allowed "to submit his own questionaire [sic] read and signed by staff member J. A. Hammond administer [sic] by his representative Dr. Hernandez." In petitioner's view, the remaining charge against him should have been dismissed "due to contradictory inaccurate statements and unjust delays. . . ."

In Wolff v. McDonnell, 418 U.S. 539 (1974), the Supreme Court found that inmates subject

---

[4] Petitioner states: "I needed to review the video camera showing what actually happen [sic], unless the video camera was deliberately erased, and it was!"

3

to disciplinary hearings where they may lose good time credits are entitled to the following due process guarantees: (1) advanced written notice of the claimed violation; (2) disclosure of evidence against the defender; (3) the right to confront and cross-examine witnesses (unless the hearing officer finds good cause not to allow confrontation); (4) a neutral detached hearing body; and (5) a written statement of the factfinders as to the evidence relied upon and the reasons for the disciplinary action taken. Id. at 564-71.

Petitioner does not argue that the DHO failed to satisfy the guarantees mandated by Wolff, and it is clear from petitioner's own submissions that he received advanced written notice of the claimed violation, disclosure of the evidence against him, and a written statement of the factfinders as to the evidence relied upon and the reasons for the disciplinary action taken. Id. Petitioner does not express any challenge to the neutrality or detachment of the hearing body, nor does he allege that he was not allowed to cross-examine witnesses at the hearing. Id. Significantly, petitioner admits that he was able to present a defense that included testimony from others, such as his staff representative. He admits that he received advanced written notice: his petition indicates that he received the initial incident report on December 14, 2006, the day of the incident. Id. In short, petitioner raises no material dispute with the facts summarized above.

Applying the Wolff standard, the petition must fail. The court observes that petitioner does not dispute that the incident report provided a factual description of the basis for the disciplinary charges, and that the facts of the incident remained unchanged, regardless of the title of the charge; thus, he fails to show that receiving notice of the offense codes for which he was charged and yet subsequently being found guilty of a lesser charge affected his ability to present a proper defense. Petitioner's acts were the basis of the disciplinary charges, and it is clear that petitioner received

adequate procedural process regarding his disciplinary infraction. The DHO, however, did not accept petitioner's defense. Federal courts will not review the accuracy of a disciplinary committee's finding of fact. Kelly v. Cooper, 502 F. Supp. 1371, 1376 (E.D. Va. 1980). Such findings will only be disturbed if they are unsupported by any evidence or are wholly arbitrary and capricious. Smith v. Rabalais, 659 F.2d 539, 545 (5th Cir. 1981), cert. denied, 455 U.S. 992 (1982); see also Chevron v. Natural Res. Def. Council, 467 U.S. 837, 844 (1984) (an agency's decisions are not to be second-guessed by federal courts unless they are arbitrary, capricious, or manifestly contrary to the statute). Petitioner has failed to make any such showing sufficient to displace the DHO's findings of fact.[5] Therefore, the court finds that relief should be denied on this claim because petitioner received adequate due process regarding his disciplinary infraction.

### III. CONCLUSION

Based on the foregoing, the court finds that petitioner's claim lacks sufficient merit to warrant the requested relief. Accordingly, the court will dismiss the petition. An appropriate order will be entered this day.

ENTER: This 20d day of December, 2007.

_United States District Judge_

---

[5] To the extent petitioner asserts that the BOP's failure to abide by its own regulations vests in him a constitutional claim, the claim fails. See United States v. Caceres, 440 U.S. 741, 751-52 (1978) (violation of agency regulation does not raise constitutional question).

5